Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA THIRD DIVISION

In re:
KERRI ARLENE SCHUMACHER

Case No.
CHAPTER 13 PLAN ☐ Modified
Dated August 24, 2026

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br><br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $__ (including balance on hand of $ 0 ).
2.2 After the date of this plan, the debtor will pay the trustee $24,114.00.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $220.00 | 09/2026 | 03/2030 | 43 | $9,460.00 |
| $862.00 | 04/2030 | 08/2031 | 17 | $14,654.00 |
| | | | PART 2.2 SUBTOTAL: | $24,114.00 |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.
2.4 The debtor will also pay the trustee 0.00 .
2.5 The debtor will pay the trustee a total of $ 24,114.00 [lines 2.1 + 2.2 + 2.4].
2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credit (EIC), plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments .**

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ 2,411.40 [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of Property |
|---|---|---|

| | Creditor | Description of Property |
|---|---|---|
| 4.1 | TOYOTA FINANCIAL SERVICES | 2025 Toyota Camry 17,000 miles<br>Auto Lease Agreement |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | | | ☐Debtor<br>☐Trustee | | | | | |
| | | | | | | | | | TOTAL: | $0.00 |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | +*amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ☐ | | | | | | |
| | | | | | | | | | | TOTAL: | $0.00 |

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | +*amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | ☐ | | | | | | |
| | | | | | | | | | TOTAL: | $0.00 |

Local Form 3015-1
REVISED 09/2025

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Attorney Fees | $4,500.00 | 09/2026 | $196.00 | 23 | $ | $ | $4,500.00 |
| 8.2 | IRS | $10,675.00 | | prorata | | | | $10,675.00 |
| 8.3 | MNDR | $4,691.00 | | prorata | | | | $4,691.00 |
| | | | | | | | TOTAL | $19,866.00 |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | |
| | | | | | | | TOTAL | $0.00 |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | | |
| | | | | | | | | TOTAL | $0.00 |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $36,112.00 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $36,112.00 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 5.00 |

| | |
|---|---|
| Estimated remaining payments | $1,836.60 |
| *+ amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | $1,836.60 |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property *(including complete legal description of real property)* |
|---|---|---|
| | -NONE- | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair

exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | -NONE- | a. Amount of lien | | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $ |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | 2,411.40 |
| Maintenance of payments and cure of default, if any [Part 5] | $ | 0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | 0.00 |
| Secured claims excluded from § 506 [Part 7] | $ | 0.00 |
| Priority claims [Part 8] | $ | 19,866.00 |
| Domestic support obligation claims [Part 9] | $ | 0.00 |
| Separate classes of unsecured claims [Part 10] | $ | 0.00 |
| Timely filed unsecured claims [Part 11] | $ | 1,836.60 |
| TOTAL (must equal line 2.5) | $ | 24,114.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: /s/ Robert J. Hoglund
Robert J. Hoglund 210997
Attorney for debtor

Signed: /s/ KERRI ARLENE SCHUMACHER
KERRI ARLENE SCHUMACHER
Debtor 1

Signed: ______________________
Debtor 2 (if joint case)

United States Bankruptcy Court

District of Minnesota

In re: Case No. 26-32867-KAC

KERRI ARLENE SCHUMACHER Chapter 13

Debtor

# CERTIFICATE OF NOTICE

District/off: 0864-3 User: admin Page 1 of 3

Date Rcvd: Sep 01, 2026 Form ID: pdf008 Total Noticed: 32

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 03, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | KERRI ARLENE SCHUMACHER, 18761 HAMMOND DR, LAKEVILLE, MN 55044-5155 |
| 63739452 | + | BEHAVIORAL HEALTH CARE PROVIDERS, 1405 NORTH LILAC DR, GOLDEN VALLEY MN 55422-4535 |
| 63739462 | + | FAIRVIEW METRO CLINICS, 909 FULTON ST SE, MINNEAPOLIS MN 55455-4800 |
| 63739469 | + | ONE KEY, PO BOX 51193, LOS ANGELES CA 90051-5493 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: mdor.bkysec@state.mn.us | Sep 01 2026 22:52:00 | Minnesota Department of Revenue, Bankruptcy Section, PO Box 64447, St Paul, MN 55164-0447 |
| smg | + | Email/Text: ustpregion12.mn.ecf@usdoj.gov | Sep 01 2026 22:52:00 | US Trustee, 1015 US Courthouse, 300 S 4th St, Minneapolis, MN 55415-3070 |
| smg | + | Email/Text: USAMN.BNC.Bankruptcy@usdoj.gov | Sep 01 2026 22:52:00 | United States Attorney, 600 US Courthouse, 300 S 4th St, Minneapolis, MN 55415-3070 |
| 63739453 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Sep 01 2026 22:56:01 | CAPITAL ONE, ATTN: BANKRUPTCY, PO BOX 30285, SALT LAKE CITY UT 84130-0285 |
| 63739454 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Sep 01 2026 22:56:15 | CAPITALONE, CAPITAL ONE, ATTN: BANKRUPTCY, PO BOX 30285, SALT LAKE CITY UT 84130-0285 |
| 63739455 | ^ | MEBN | Sep 01 2026 22:50:48 | CBNA, ATTN: BANKRUPTCY, ONE TALLMAN ROAD, CANTON NY 13617-3604 |
| 63739456 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Sep 01 2026 22:52:00 | COMENITY BANK/ANN TAYLOR LOFT, ATTN: BANKRUPTCY, PO BOX 182125, COLUMBUS OH 43218-2125 |
| 63739457 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Sep 01 2026 22:52:00 | COMENITY BANK/TYRDVISA, ATTN: BANKRUPTCY, PO BOX 182125, COLUMBUS OH 43218-2125 |
| 63739458 | + | Email/PDF: MerrickBKNotifications@Resurgent.com | Sep 01 2026 22:56:01 | CWS/CW NEXUS, ATTN: BANKRUPTCY, PO BOX 9201, OLD BETHPAGE NY 11804-9001 |
| 63739459 | | Email/Text: RPSBankruptcyBNCNotification@usbank.com | Sep 01 2026 22:52:00 | ELAN FINANCIAL SERVICE, CB DISPUTES, SAINT LOUIS MO 63166 |
| 63739460 | | Email/Text: bankruptcycourts@equifax.com | Sep 01 2026 22:52:00 | EQUIFAX INFORMATION SERVICES LLC, 1550 PEACHTREE STREET NE, ATLANTA GA 30309 |
| 63739461 | ^ | MEBN | Sep 01 2026 22:49:28 | EXPERIAN, PO BOX 2002, ALLEN TX 75013-2002 |
| 63739463 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Sep 01 2026 22:52:00 | IRS, 30 E 7TH STREET SUITE 1222, MAIL STOP 5700, SAINT PAUL MN 55101 |
| 63739464 | + | Email/Text: bankruptcy.us@klarna.com | | |

| | | | |
|---|---|---|---|
| | | Sep 01 2026 22:52:00 | KLARNA, 800 N HIGH ST STE 400, COLUMBUS OH 43215-1430 |
| 63739465 | + Email/Text: Mercury@ebn.phinsolutions.com | Sep 01 2026 22:52:00 | MERCURY/FBT, ATTN: BANKRUPTCY, PO BOX 84064, COLUMBUS GA 31908-4064 |
| 63739466 | + Email/Text: mdor.bkysec@state.mn.us | Sep 01 2026 22:52:00 | MN DEPARTMENT OF REVENUE, BANKRUPTCY SECTION, PO BOX 64447, SAINT PAUL MN 55164-0447 |
| 63739467 | + Email/Text: mdes.bkpt.tax@state.mn.us | Sep 01 2026 22:53:00 | MN UNEMPLOYMENT, PO BOX 64621, SAINT PAUL MN 55164-0621 |
| 63739468 | + Email/Text: bankruptcy@td.com | Sep 01 2026 22:52:00 | NORDSTROM CARD SERVICES, PO BOX 6566, ENGLEWOOD CO 80155-6566 |
| 63739470 | + Email/PDF: cbp@omf.com | Sep 01 2026 22:56:15 | ONE MAIN FINANCIAL, PO BOX 3251, EVANSVILLE IN 47731-3251 |
| 63739471 | + Email/PDF: cbp@omf.com | Sep 01 2026 22:56:15 | SPRINGLF FIN, PO BOX 1010, EVANSVILLE IN 47706-1010 |
| 63739472 | + Email/PDF: ais.sync.ebn@aisinfo.com | Sep 01 2026 22:56:08 | SYNCB/HOME, ATTN: BANKRUPTCY DEPT, P.O. BOX 965065, ORLANDO FL 32896-5065 |
| 63739473 | + Email/PDF: ais.sync.ebn@aisinfo.com | Sep 01 2026 22:56:09 | SYNCB/VENMO, ATTN: BANKRUPTCY, P.O. BOX 965065, ORLANDO FL 32896-5065 |
| 63739474 | + Email/PDF: ais.sync.ebn@aisinfo.com | Sep 01 2026 22:56:09 | SYNCHRONY BANK/GAP, ATTN: BANKRUPTCY DEPT, P.O. BOX 965065, ORLANDO FL 32896-5065 |
| 63739475 | + Email/PDF: ais.sync.ebn@aisinfo.com | Sep 01 2026 22:56:15 | SYNCHRONY/PAYPAL CREDIT, ATTN: BANKRUPTCY, PO BOX 965064, ORLANDO FL 32896-5064 |
| 63739476 | + Email/Text: synovusbankruptcy@synovus.com | Sep 01 2026 22:53:00 | SYNOVUS BANK, ATTN: BANKRUPTY DEPARTMENT, P.O.BOX 120, COLUMBUS GA 31902-0120 |
| 63739477 | + Email/Text: TFS_Agency_Bankruptcy@toyota.com | Sep 01 2026 22:52:00 | TOYOTA FINANCIAL SERVICES, ATTN: BANKRUPTCY, PO BOX 22171, TEMPE AZ 85285-2171 |
| 63739478 | ^ MEBN | Sep 01 2026 22:49:19 | TRANSUNION LLC, ATTN PUBLIC RECORDS DEPARTMENT, PO BOX 2000, CHESTER PA 19016-2000 |
| 63739479 | + Email/PDF: ais2.BankruptcynoticesExceptions@aisinfo.com | Sep 01 2026 22:56:03 | WELLS FARGO BANK NA, ATTN: BANKRUPTCY, P.O.BOX 393, MINNEAPOLIS MN 55480-0393 |

TOTAL: 28

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 03, 2026 Signature: /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 31, 2026 at the address(es) listed below:**

| **Name** | **Email Address** |
|---|---|
| Robert J. Hoglund | on behalf of Debtor 1 KERRI ARLENE SCHUMACHER bankruptcy@hoglundlaw.com hoglundlaw@ecf.courtdrive.com |
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |

TOTAL: 2